UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil Action No.:16cv00456
LAMONT HAMILTON,

                       Plaintiffs,   **SECOND AMENDED**
                                                                    **VERIFIED COMPLAINT**

-against-

THE CITY OF NEW YORK, DETECTIVE JOSE
RODRIGUEZ, TAX REG #902935, NEW YORK
CITY POLICE OFFICERS JOHN DOES "1-2",

                                                                      **ECF CASE**

                       Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, was falsely arrested, falsely imprisoned and maliciously prosecuted in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined the plaintiff, caused the unjustifiable arrest of the plaintiff, and caused the unlawful prosecution of the plaintiff.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. That at all times hereinafter mentioned the plaintiff **LAMONT HAMILTON** was and is a resident of the County of Queens, City and State of New York.

6. New York City Police Detective Jose Rodriguez ("Rodriguez"), tax register number 902935, is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department, assigned to the Queens Detective Area 107.

7. Detective Rodriguez is being sued in his individual and official capacity

8. Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. Defendant **CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

10. At all times relevant hereto, defendant **THE NEW YORK CITY POLICE DEPARTMENT (NYPD)** is a city agency organized under the Municipal Corporation Law of the City of New York to provide safety to the citizens of New York.

11. **POLICE OFFICERS, JOHN DOES "1"–"2",** (hereinafter defendants **POLICE OFFICERS**) are and were at all times relevant herein police officers, employees, and agents of the **NEW YORK CITY POLICE DEPARTMENT**.

12. Defendants **POLICE OFFICERS** are being sued in their individual capacities and official capacities.

13. At all times relevant herein, defendants **POLICE OFFICERS** were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and police officers of the **NEW YORK CITY POLICE DEPARTMENT**, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

14. Defendants **POLICE OFFICERS** were acting for and on behalf of the **NEW YORK CITY POLICE DEPARTMENT**, at all times relevant herein, with the power and authority vested in them as police officers, agents and employees of the **NEW YORK CITY POLICE DEPARTMENT** and incidental to the lawful pursuit of their duties as police officers, employees and agents of the **NEW YORK CITY POLICE DEPARTMENT**.

15. At all times relevant hereto, defendants **POLICE OFFICERS** are individuals whose identities are not yet known to plaintiff and upon information and belief, participated in conjunction with defendants in causing the illegal arrest of plaintiff.

## NOTICE OF CLAIM

16. Plaintiff **LAMONT HAMILTON** in furtherance of his stated cause(s) of action, filed a timely Notice of Claim against the City of New York within 90 days of the statutory date of accrual in compliance with the Municipal Law Section 50-e.

17. That more than thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment has been neglected or refused by the City of New York.

18. This action is being commenced within the applicable statute of limitation, within one year and ninety days of the date of occurrence (the time provided by law).

19. That pursuant to GML 50-h (5) a "50-h" hearing was held on November 25, 2015.

## FACTUAL ALLEGATIONS

20. The alleged incident took place on September 3, 2013 and Mr. Hamilton was subsequently arrested on January 14, 2014.

21. That on September 3, 2013, **JP MORGAN CHASE & CO.**, operated, maintained, and controlled a security force that is responsible for the security of the JP MORGAN CHASE & CO. branch location, 444 5th Avenue, Brooklyn, New York.

22. That on or about September 3, 2013, plaintiff was not present at this JP MORGAN CHASE & CO. bank location.

23. Upon information and belief, at some point prior to September 3, 2013, Mr. Hamilton's wallet and identification were stolen and a fraudulent JP MORGAN CHASE & CO. bank account was opened in his name.

24. Upon information and belief, an unknown and unapprehended individual presented plaintiff's stolen identification attempting to cash and subsequently withdraw sums of money.

25. Shortly thereafter, JP MORGAN CHASE & CO. through their investigator WALTER MANN, contacted the NYPD for the aforementioned transactions.

26. On January 14, 2014, Plaintiff Lamont Hamilton was arrested.

27. Despite maintaining his innocence, he was subsequently arrested and prosecuted for more than a year. Bail was set on his case and he spent three days incarcerated.

28. He was never placed in a line up.

29. A videotape was produced and it was not him on the videotape at the location depositing and/or cashing any checks.

30. Upon information and belief, defendants failed to properly investigate the subject incident.

31. Upon information and belief, the defendants failed to review security cameras that were available at the time to verify the complaint and instead proceeded to draw false complaint/charges against plaintiff(s).

32. Upon information and belief, at no time did the defendants recover any checks or receipts pertaining to this matter when the plaintiff was arrested months after the alleged incident.

33. Upon information and belief, at no time did the defendants **POLICE OFFICERS** have probable cause or any objective reason to believe plaintiff committed a crime.

34. Upon information and belief, no reasonable police officer would have believed that they had probable cause to arrest plaintiff(s) as the plaintiff(s) did not commit a crime.

35. Upon information and belief, despite knowing these facts, the defendants **POLICE OFFICERS** nevertheless falsely arrested and imprisoned plaintiff **LAMONT HAMILTON** without probable cause or legal justification.

36. Upon information and belief, when plaintiff **LAMONT HAMILTON** arrived at the precinct, he was fingerprinted, photographed and placed into a holding cell.

37. Thereafter, plaintiff **LAMONT HAMILTON** had to defend against these false charges, making several court appearances for more than a year.

38. After numerous court appearances, on April 13, 2015, the case was dismissed against the plaintiff **LAMONT HAMILTON.**

39. The false arrest and false imprisonment and malicious prosecution of the plaintiff **LAMONT HAMILTON** by the defendants caused him to sustain physical, psychological and emotional trauma.

### AS AND FOR A FIRST CAUSE OF ACTION: FOR FALSE ARREST AND FALSE IMPRISONMENT AGAINST THE CITY OF NEW YORK

40. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

41. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

42. As a result the Defendants improper investigation, without ever identifying the defendant either by a lineup or by identifying him on the video, defendants confined the plaintiff and, in fact, confined the plaintiff, and plaintiff was conscious of the confinement. In addition, the plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

43. The aforementioned defendants were at all times agents, servants, and employees acting within the scope of their employment with **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, which are therefore responsible for their conduct.

44. Defendants, the **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, as the employers of the defendants **POLICE OFFICERS** are responsible for their wrongdoing under the doctrine of respondeat superior.

45. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

46. That as a result of the foregoing, the plaintiff have been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AND AS FOR A SECOND CAUSE OF ACTION
### FOR: MALICIOUS PROSECUTION AGAINST THE CITY OF NEW YORK

47. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

48. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

49. Upon information and belief the defendants **CITY OF NEW YORK** commenced and continued a criminal proceeding against the plaintiff.

50. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff **LAMONT HAMILTON** and for each of the charges for which she was prosecuted.

51. The prosecution and criminal proceedings terminated favorably for plaintiff **LAMONT HAMILTON**.

52. Plaintiff was subjected to deprivation of liberty sufficient to implicate plaintiffs' Fourth Amendment rights.

53. Defendants **POLICE OFFICERS** were at all times agents, servants, and employees acting within the scope of their employment the **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, which are therefore responsible for their conduct.

54. Defendants **CITY OF NEW YORK**, and/or the **NEW YORK CITY POLICE DEPARTMENT**, as the employers of the defendants **POLICE OFFICERS**, are responsible for their wrongdoing under the doctrine of respondeat superior.

55. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

56. That as a result of the foregoing, plaintiff **LAMONT HAMILTON** has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CASE OF ACTION: NEGLIGENCE

57. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

58. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

59. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION: GROSS NEGLIGENCE

60. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

61.     The defendants, jointly and severally, were grossly negligent and caused plaintiff to suffer injuries. The acts and conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York

62.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured

### AS AND FOR A FIFTH CAUSE OF ACTION FOR: THE INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

64.     By the actions described herein, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiff.

65.     The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs.

66.     As a result of the foregoing, plaintiffs sustained serious psychological and/or emotional disorders, mental anguish, embarrassment and humiliation.

67.     All of the foregoing occurred without any fault or provocation by the plaintiffs.

68. Defendants retained employees were at all times agents, servants, and/or employees acting within the scope of their employment which is therefore responsible for their conduct under respondeat superior.

69. That as a result of their negligence, plaintiff was forced to defendant frivolous action. And as a result suffered from emotional distress.

72. That as a result of the foregoing, plaintiff has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION :FAILURE TO INTERVENE

73. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

74. Defendants had an affirmative duty to intervene on behalf of the plaintiff, whose constitutional rights were being violated in the presence of other officers.

75. Defendants failed to intervene to prevent the unlawful conduct described herein.

76. As a result of the foregoing, the plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

77. Defendants were at all times agents, servants, employees, and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

78. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

79. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

80. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

81. The City of New York and its agents, servants, and/or employees acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on January 31, 2014, at the aforementioned location.

82. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### AS AND FOR AN EIGHTH CAUSE OF ACTION: ABUSE OF PROCESS

83. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs.

84. By the conduct and actions described above, defendants employed regularly issues process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of defendants were the direct and proximate cause of the injury

and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85. As a result of the foregoing, the plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

86. That as a result of the foregoing, plaintiff has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### JURY DEMAND

87. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**WHEREFORE**, the plaintiff demands the following relief jointly and severally against all of the defendants:

- A. Compensatory damages;
- B. Punitive damages;
- C. The convening and empanelling of a jury to consider the merits of the claims herein;
- D. Costs and interest and attorney's fees;
- E. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
October 25, 2016

LAW OFFICE OF MATTHEW B. WALLER
By: _____

MATTHEW B. WALLER
Attorneys for Plaintiff
20 Vesey Street - Suite 503
New York, New York 10007
212-766-4411

## ATTORNEY'S VERIFICATION

**MATTHEW B. WALLER**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I have read the annexed **SECOND AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because plaintiff is not presently in the county wherein the attorneys maintain their offices.

Dated: New York, N.Y.
       October 25, 2016

_____
MATTHEW B. WALLER

Index No.:_____                                      Year: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===============================================================

LAMONT HAMILTON,

                        Plaintiffs

    -against-


THE CITY OF NEW YORK,
DETECTIVE JOSE RODRIGUEZ, TAX REG #902935,
NEW YORK CITY POLICE OFFICERS JOHN DOES
"1-5",

                        Defendants.

# SECOND AMENDED VERIFIED COMPLAINT

**LAW OFFICE OF MATTHEW B. WALLER**
Attorneys for Plaintiff
20 Vesey Street - Suite 503
New York, NY 10007
(212) 766-4411

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*_____      *Signed:*_____

*Service of a copy of the within*                                                                *is hereby admitted.*

*Dated:*_____      _____
                                                    *Attorney(s) for*